COPY

FILED
SUPERIOR COURT

2012 MAR 30 AM 11: 49

CLERK OF COURT
BY _____

**IN THE SUPERIOR COURT
OF GUAM**

PEOPLE OF GUAM,                    )
                                   )    Criminal Case no. CF0456-09
                                   )
                                   )
    v.                             )
                                   )    **DECISION AND ORDER**
                                   )    re: Motion for Reconsideration
HOWARD A. HEMSING,                 )
                                   )
                                   )
                    Defendant.     )

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on December 13, 2011. The People were represented by Assistant Attorney General Jonathan R. Luke. The Defendant was represented by Assistant Public Defender Jane L. Kennedy. After considering the matter presented, the court now issues the following decision and order.

## BACKGROUND

On September 8, 2009, the Defendant was charged with possession of a Schedule I controlled substance with the intent to manufacture and distribute. He subsequently entered a plea of not guilty by reason of mental illness, disease or defect. With the Defendant's mental state at issue, the court ordered that the Defendant undergo a psychological evaluation. Dr. James J. Kiffer, Ph.D. conducted the evaluation and ultimately concluded that the Defendant appeared competent to be proceeded against.

The Defendant then moved for this court to appoint an independent psychiatrist to assist in his defense and to further assist counsel in determining whether to continue to put the Defendant's mental state at issue. The court granted the motion and Dr. Martin Blinder, M.D. was appointed. Upon conducting a psychiatric evaluation of the Defendant, Dr. Blinder concluded that the Defendant suffered from delusional disorder, grandiose, which "incapacitates his ability to collaborate with counsel in the preparation of a rational defense." He further concluded that the Defendant's mental disorder "substantially impaired his ability to

appreciate the wrongfulness of acts." Based on Dr. Blinder's findings, the Defendant argued that he is incompetent to be proceeded against and that there is no substantial likelihood that he will regain his competency in the foreseeable future.

This court did not dismiss the charge against the Defendant because the court found there is a potential for the Defendant to achieve competence in the foreseeable future. Thus, the court ordered further proceedings regarding Defendant's treatment. The Defendant now requests the court to reconsider its decision that the Defendant can be restored to competency, or in the alternative that a competency hearing be scheduled in order to provide clarification for court.

## DISCUSSION

The court will consider the motion under the standard for Rule 60(b). Because Plaintiffs argue error and unjust result, only 60(b)(1) and 60(b)(6) apply to this case. Rule 60(b) provides, On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding for the following reasons:(1) mistake, inadvertence, surprise, or excusable neglect; . . . (6) any other reason justifying relief from operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), (3) not more than one year after the judgment, order, or proceeding was taken. Rule 60(b)(1) grants a court the discretion to relieve a party from a final order for reason of mistake, inadvertence, surprise, or excusable neglect, provided that the party moves for relief within a reasonable time and not more than one year after the order was entered. *Brown v. Eastman Kodak Co.*, 2000 Guam 30 ¶32. Here, Defendant's motion was filed within 5 months of the entrance of the court's June 24, 2011, decision and order.

In the instant case, the Defendant requests the court to reconsider its decision that the Defendant can be restored to competency, or in the alternative that a competency hearing be scheduled in order to provide clarification for court. With regards to the former, the court grants the request because the court made a mistake as to the Defendant's ability to assist and cooperate with counsel or participate in his defense. After re-reading Dr. Blinder's reports, the court mistakenly found that Dr. Blinder concluded that the Defendant can achieve competency

in the foreseeable future. Dr. Blinder diagnosed the Defendant with Delusional disorder, grandiose, which incapacitates his ability to collaborate with counsel in the preparation of a rational defense.

Thus, the court's initial finding that there is a potential for the Defendant to achieve competence in the foreseeable future was in error. Although the Defendant's Delusional disorder may be considered manageable, the Defendant's disorder prevents him from cooperating with his attorney or participating in his defense. The court now finds there is no substantial likelihood that he will regain his competency in the foreseeable future. Thus, pursuant to 9 GCA § 7.43, the court dismisses the charges against the Defendant.

## CONCLUSION

Based on the foregoing, the court GRANTS the Defendant's motion for reconsideration. The charges against the Defendant are hereby DISMISSED with prejudice.

SO ORDERED, this ____ day of _____ **MAR 3 0 2012** 2012.

Original Signed By:
HON. MICHAEL J. BORDALLO

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam

MAR 3 0 2012

Faustine B. Charfauros
Deputy Clerk, Superior Court of Guam